## In re MARCUS et al.

(District Court, D. Massachusetts. October 22, 1900.)

No. 2,627.

BANKRUPTCY—PROVABLE DEBTS—DECREE FOR COSTS.

Costs adjudged against a complainant, after his adjudication as a bankrupt, in a suit brought by him prior to such adjudication, do not constitute a provable debt against his estate, under Bankr. Act 1898, § 63, and he is not entitled to be protected by the bankruptcy court from arrest on an execution therefor.

In Bankruptcy. Motion for attachment for violation of a writ of protection from arrest issued to the bankrupt.

Hiram P. Harriman, for bankrupt.
James D. Thomson, for Donoghue.

LOWELL, District Judge. Marcus brought a bill in equity in the state court against Donoghue. While the bill was pending he was adjudged bankrupt upon his own petition. After the adjudication, but before discharge, a judgment was rendered in the bill in equity against him for costs. He thereupon obtained from the referee a writ of protection from arrest in all civil actions except those excepted by section 9 of the bankrupt act; that is to say, those founded upon debts or claims not provable in bankruptcy. Marcus now seeks protection against arrest upon Donoghue's execution for costs, and the court has to consider if these costs were a provable debt. To be provable, they must be included within the definition of section 63. That they are not included within the definition of subsection "a" is manifest. The bankrupt's counsel contends that they are unliquidated claims, within the definition of subsection "b"; but the phrase "unliquidated claims" seems to me not reasonably applicable to a claim for costs like that above described, and especially inasmuch as in subsection "a" are specified at some length those classes of costs which constitute provable debts. Probably the unliquidated claims mentioned in subsection "b" are those claims already mentioned in subsection "a," which have not been liquidated. In re Hirschman, 104 Fed. 69. Petition for attachment denied, without costs.