### In re MORALES et al.

(District Court, S. D. Florida. January 10, 1901.)

**BANKRUPTCY—BASIS OF ADJUDICATION—CLAIM FOR BREACH OF WARRANTY.**

A claim for damages for breach of warranty, though based on a contract, is not one founded on a contract, within Bankr. Act 1898, § 63, subd. "a," cl. 4, so as to permit it to be the basis of an adjudication in bankruptcy, but is such an unliquidated claim as, after such an adjudication, may, under section 63, subd. "b," be liquidated as directed by the court.

Petition of George S. Nicholas for Adjudication of Involuntary Bankruptcy.

F. M. Simonton, for petitioner.
Gunby & Gibbons, for defendant.

LOCKE, District Judge. The foundation of the claim upon which the petition for adjudication of involuntary bankruptcy against the defendant corporation, as stated in the petition, is an alleged warranty contained in a contract for sale of cigars made in June, 1898. The allegation of the petition is that at that time a contract was made for the sale of certain cigars, to be made of clear Havana. This contract appears by the petition to have been in force for a year and seven months, during which time it is alleged that upward of $70,000 worth of cigars were bought, accepted, received, and paid for. Nine months after the termination of said contract it is claimed that there was a breach of warranty for all of that time, and that the goods accepted and paid for were not made of clear Havana, but to a certain extent of domestic tobacco, and were worth 20 per cent. less than those warranted to be delivered. The only question is, is this a provable claim that would justify a court of bankruptcy in declaring the corporation a bankrupt, and permitting this creditor to come in and elect a trustee to take possession of the assets of the bankrupt and control the defense of this suit, it being admitted in argument that there are no other creditors of any importance? The ancient rule and practice was that a breach of an alleged warranty, although based on a contract, was not an action for the performance or fulfillment of the contract, but was an action on the case sounding in tort, and could only be presented as such. Stuart v. Wilkins, 1 Doug. 18; Schuchardt v. Allen, 1 Wall. 359, 17 L. Ed. 642. In this case there was no contract, expressed or implied, that the defendant would pay to the petitioner any amount of money. It is only the force of law that gives damages for the breach of a warranty in such a case. I consider that it should be classed with actions for tort, deceit, or fraud, rather than contract, such as is contemplated in section 63, subd. "a," cl. 4, of the law of bankruptcy. The result of this petition, if the defendant should be adjudicated a bankrupt and a trus-

tee elected by the petitioner, would be to place the control of the defense of the suit for damages now pending in the hands of the petitioner, so as to work great injustice and hardship to the defendant, and prevent any defense being made. I know of no way contemplated in bankruptcy by which such an unliquidated claim can be proven. It is the duty of the referee to allow and approve all provable claims; but certainly it would not be within his power to allow or approve this claim. It is true that, had the defendant in this case been adjudicated a bankrupt, the petitioner might present his claim, and under subdivision "b" of said section 63 it would be the duty of the court to determine how this claim, although unliquidated, might be thereafter proven and allowed against the estate; but I do not consider that the law contemplated that such an unliquidated claim as this, not capable of proof by any practice in bankruptcy, should be made the basis of an adjudication in bankruptcy. It is therefore ordered that the demurrer to the petition herein be, and the same is hereby, sustained, and that all action thereupon and adjudication thereunder be suspended until the claim alleged by the complaining creditor be reduced to judgment.