### In re CRESCENT LUMBER CO.

(District Court, S. D. Alabama. July 23, 1907.)

No. 341.

BANKRUPTCY—PROVABLE DEBTS—JUDGMENT FOR TORT.

An action by a servant against a master to recover damages for a personal injury alleged to have been caused by the master's negligence, brought under the Alabama employer's liability statute (Code Ala. 1896, § 1749), is one sounding in tort, and not one based upon the contract of employment, and a judgment recovered in such an action brought after the defendant had been adjudged a bankrupt is not provable against the estate under Bankr. Act July 1, 1898, § 63a (4), c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], as a debt founded upon a contract.

In Bankruptcy. On review of decision of referee disallowing claim of W. L. Seale.

The following is the opinion of Referee R. T. Ervin:

This matter coming on to be heard on the objections of the trustee to the claim of W. L. Seale and it appearing that the claim of Seale is on a judgment rendered by the circuit court of Mobile county, Ala., in a suit wherein Seale claimed damages for a personal injury suffered by him while in the employ of the bankrupt. This suit was brought under the employer's liability statute, constituting section 1749 of the present Code of Alabama of 1896, and the judgment was rendered after the adjudication of bankruptcy. The objections of the trustee raise the question that the judgment is for a tort, and so is

not susceptible of proof against the bankrupt estate. Petitioner, however, contends that, as it was necessary in suing under this statute to aver and to prove a contract of employment, the claim is "founded upon a contract, expressed or implied," as provided by paragraph 4 of section 63 of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]). Is this claim founded upon a contract, as here provided?

In the case of Alabama Great Southern R. R. Co. v. Carroll, 97 Ala. 137, 11 South. 808, 18 L. R. A. 433, 38 Am. St. Rep. 163, it is said: "The only office of the contract, under section 2590 of the Code, is the establishment of a relation between them, that of master and servant; and it is upon that relation, that incident or consequence of the contract, and not upon the rights of the parties under the contract, that our statute operates. The law is not concerned with the contractual stipulations except in so far as to determine from them that the relation upon which it is to operate exists. Finding this relation, the statute imposes certain duties and liabilities on the parties to it wholly regardless of the stipulations of the contract as to the rights of the parties under it, and, it may be, in the teeth of such stipulations. It is the purpose of the statute, and must be the limit of its operation, to govern persons standing in the relation of master and servant to each other in respect of their conduct in certain particulars within the state of Alabama."

The conclusion reached in this case seems to me to be correct, and I therefore follow it. If the plaintiff's injury arose from the negligence of the defendant, as the complaint averred that it did, I cannot see that it was founded upon a contract of employment, merely because such contract created the relation or placed the parties in the position where plaintiff was injured by the negligence of the defendant. To my mind the statute does not create or add any term to the contract of employment. Its only province is to change the common-law rule that the employé assumes the risk as to the negligence of his fellow servant, and as to the safety of the plant, etc., of the employer in which service is accepted. In other words, the statute changes the duties which the common law imposed on the employer, but does not have anything to do with the contract of employment.

In the case of Mobile Life Insurance Company v. Randall, 74 Ala. 177, Judge Stone quotes from Wait's Ac. & Def., as follows: "When there is a contract either expressed or implied, from which a common-law duty results, an action on the case is for the breach of that duty; in which case the contract is laid as mere inducement, and the tort arising from the breach of duty is the gravamen of the action." On page 178, he says: "Wherever there is carelessness, recklessness, want of reasonable skill, or the violation or disregard of a duty which the law implies from the conditions or attendant circumstances, and the individual injury results therefrom, an action on the case lies in favor of the party injured; and if the transaction had its origin in a contract which places the parties in such a relation as that, in performing or attempting to perform the service promised, the tort or wrong is committed, then the breach of the contract is not the gravamen of the suit. There may be no technical breach of the letter of the contract. The contract, in such case, is mere inducement, and should be so stated in pleading. It induces, causes, creates the conditions or state of things, which furnishes the occasion of the tort. The wrongful act, outside of the letter of the contract, is the gravamen of the complaint, and in all such cases the remedy is an action in the case. Take, for illustration, the contract of a carpenter to repair a house, partly decayed, or otherwise defective. The implications of his contract are that he will bring to the service reasonable skill, good faith, and diligence. If he fail to do the work, or leave it incomplete, the remedy, and only remedy against him, is ex contractu. Suppose, in the attempted performance, he, by his want of skill or care, destroys, damages, or needlessly wastes the materials furnished by the hirer, or suppose that in making the needed repairs he did it so unskillfully or carelessly as to damage other portions of the house, this is tort, for which the contract only furnished the occasion. The contract is mere inducement, and the action is on the case. We may add that there are many cases in which the pleader has the election of suing in assumpsit or case."

Does not the gravamen of the complaint furnish or show the foundation of the cause of action; in other words, is not a claim founded upon what may be said to be the gravamen of the complaint? On the bottom of page 177, the court illustrates by stating a case where the terms of the contract contain the provision which the law would in its absence impose as a duty, and the court there says: "We do not doubt that assumpsit would lie in the case last supposed, but case would lie also. It was a case, not only of a breach of contract, but a violation of a duty enjoined by law, and therefore a tort. Blick v. Briggs, 6 Ala. 687; Myers v. Gilbert, 18 Ala. 467. In such case, the pleader has the option to sue in assumpsit for a breach of the contract; or in case, for the violation of the duty imposed by law."

It therefore seems to me, where the gravamen of the complaint is the breach of the legal duty growing out of a contract, that the demand is not founded upon the contract, but only on the "tort, for which the contract only furnished the occasion."

It is therefore ordered that the claim of W. L. Seale be, and the same is hereby, disallowed.

Gregory L. & H. T. Smith and R. W. Stoutz, for claimant.
Stevens & Lyons, for trustee.

TOULMIN, District Judge. The claim is a judgment rendered by the circuit court of Mobile county, Ala., for damages for personal injuries caused by the alleged negligence of the bankrupt, by whom the claimant was employed at the time of the injury. The suit was brought under the employer's liability statute (Code Ala. 1896, § 1749). It was commenced subsequent to the proceeding in bankruptcy and the adjudication of the defendant as a bankrupt. The referee held that the claim was not provable, and disallowed it. From this decision, the claimant appeals.

The only question presented is whether the claim is one provable against the bankrupt's estate.

Section 63a of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]) provides that:

"Debts of the bankrupt may be proved and allowed against his estate which are * * * (4) founded upon an open account or upon a contract express or implied."

The contention of the claimant is that his debt is founded upon an express or implied contract. The argument is that by the employment of the claimant by the defendant in the latter's mill the employer's liability statute became a part of the contract of employment; that the duties and liabilities which it prescribes became contractual duties and liabilities, or duties and liabilities springing out of the contract, and that, the claimant's injury being caused by reason of a defect in the machinery used in the employer's business, liability of the latter under the statute referred to constituted a debt founded upon a contract. The Supreme Court of Alabama, in the case of Alabama Great Southern R. R. v. Carroll, 97 Ala. 126, 137, 11 South. 803, 808, 18 L. R. A. 433, 38 Am. St. Rep. 163, in construing this statute, and where the same argument was made by the plaintiff in the case as is made here, said:

"Our conclusion is that the duties and liabilities incident to the relation between the plaintiff and defendant, which are involved in this case, are not imposed by, and do not rest in or spring from the contract between the parties. The only office of the contract, under section 2590 (1749) of the Code,

is the establishment of a relation between them, that of master and servant; and it is upon that relation, that incident or consequence of the contract, and not upon the rights of the parties under the contract, that our statute operates. The law is not concerned with the contractual stipulations except in so far as to determine from them that the relation upon which it is to operate exists."

So, in this case, the fact of the employment of the claimant was averred in the complaint, and doubtless proved on the trial, in order to determine therefrom that the relation upon which the said statute was to operate existed. The judgment which constitutes the claim in this case was not obtained in an action for the performance or fulfillment of a contract, or for the breach of a contract. No contract, express or implied, that the defendant would pay the claimant any amount of money, was involved in that action; but the action was one sounding in tort. It was an action for a negligent act of defendant, wherein the force of law gave damages. The debt claimed cannot, in my opinion, be said to be founded upon a contract, express or implied. It did not arise from or originate with the contract which created the relation of master and servant between the parties, but it arose from or originated with the negligent act of the master, and is founded upon such negligent act.

Judge Locke, in Re Morales (D. C.) 105 Fed. 761, said:

"The ancient rule and practice was that a breach of warranty, although based on a contract, was not an action for the performance or fulfillment of the contract, but was an action on the case sounding in tort."

"A claim arising out of a tort must be reduced to judgment and be existing at the time the proceedings in bankruptcy are begun in order to be proved against a bankrupt's estate." Beers v. Hanlin (D. C.) 99 Fed. 695. In re Hirschman, 4 Am. Bankr. Rep. 715, 104 Fed. 69.

The case of Crawford v. Burke is clearly distinguishable from the case under consideration. In that case, Crawford purchased, under the instructions of Burke, certain stocks and opened an account with him, charging him with commissions and crediting him with margins. Burke also advanced money to Crawford. Subsequently, and without the knowledge of Burke, Crawford sold the stocks, and thereby converted them to his own use. The court held that Burke could have sued Crawford in an action on contract for money advanced and for the value of the stock, or in an action of trover based upon the conversion. The point decided by the court was that his election to sue in tort did not deprive his debt of its provable character. The suit was where Burke sued Crawford after the latter's discharge in bankruptcy. Crawford set up his discharge as a defense. The court below sustained the defense, holding that the case was one of fraud. The Supreme Court reversed the case, holding that it was not a case of fraud as contemplated by the bankrupt act, and that the discharge in bankruptcy was a defense. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. The claim in that case was founded on contract on Crawford's part to pay over to Burke the money realized by the sale of the stock, and to repay the money advanced by him. Burke elected to sue Crawford in trover, instead of in assumpsit. The Supreme Court held his election did not deprive his debt of its provable

character. It seems to me that that case and the case here are so manifestly unlike as to make it unnecessary to specifically suggest their distinguishing features.

My opinion is that the decision of the referee was correct, and it is affirmed.