## BUTTRICK et al. v. GARDNER.

No. 22693. Nov. 27, 1934.

C. H. Ruth, for plaintiffs in error.

Fred M. Hammer, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county, Okla., in favor of defendant in error, plaintiff below, in the sum of $165 for damages alleged to have been incurred in an automobile collision upon the streets of Oklahoma City.

The case was instituted in the justice of the peace court on February 17, 1928, and after trial it was appealed to the district court of Oklahoma county, where trial de novo was had on the 28th day of January, 1931, which trial resulted in the judgment appealed from.

The plaintiffs in error assign four causes for reversal of the judgment. Briefly stated, the assignments of error presented are as follows:

(1) Error in proceeding against L. E. Buttrick after plea of his discharge in bankruptcy prior to the trial of this cause and duly called to the attention of the trial court.

(2) Error in admitting the purported deposition of Raymond Gardner, a son of plaintiff below.

(3) Error of the court in overruling the defendants' demurrer to the plaintiff's evidence and in not instructing the jury to return a directed verdict for the defendants.

(4) That the verdict and judgment are not sustained by sufficient competent evidence.

It is contended that L. E. Buttrick on the 27th of August, 1929, filed his petition in bankruptcy in the United States District Court for the Western District of Oklahoma, was adjudged a bankrupt, received his final discharge in bankruptcy on the 5th of April, 1930, and that the claim of the plaintiff was duly listed as a liability. It is further claimed that by reason thereof, L. E. Buttrick was released from liability to the plaintiff.

This assignment of error is without merit. At the time L. E. Buttrick received his final discharge in bankruptcy, this cause had not been tried in the district court of Oklahoma county. This being an action ex delicto, judgment not having been entered in the trial court at the time of the filing of the petition in bankruptcy, it was not a debt provable as a fixed liability under section 63 of the Bankruptcy Act. It is well settled that judgments in tort actions obtained or perfected during the pendency of the bankruptcy proceedings are not provable against the bankrupt's estate. That being true, certainly a final discharge in bankruptcy does not release a judgment obtained after the final discharge.

See Schall et al. v. Camors et al., 251 U. S. 239, 64 L. Ed. 247, 40 S. Ct. Rep. 135; Brown & Adams v. United States Button Co., 149 F. 48, 79 C. C. A. 70, 17 Am. B. R. 565, 8 L .R. A. (N. S.) 961; In re Crescent Lumber Co., 154 F. 724, 19 Am. B. R. 112; In re New York Tunnel Co., 159 F. 688, 86 C. C. A. 556, 20 Am. B. R. 25; In re Ostrom, 185 F. 988, 26 Am. B. R. 273; In re Rockaway Soda Water Mfg. Co. (Fed.) 36 Am. B. R. 640. In re Kroeger Brothers Co., 262 Fed. 463, 45 Am. B. R. 135; Eberlein v. Fidelity & D. Co., 164 Wis. 242, 159 N. W. 553; 7 C. J. 300, 301; In re Strauss & Co., 67 F. (2d) 607; Manhattan Properties v. Irving Trust Co., 78 L. Ed. 824.

Complaint is also made of the admission of the deposition of Raymond Gardner, who was driving the plaintiff's car at the time of the collision. The record shows that this deposition was taken on the 28th day of January, 1928, by agreement. Near the close of the deposition is found this stipulation:

"Stipulation.

"It is hereby stipulated by and between the plaintiff and defendant in the above-styled action, through their attorneys, that the deposition of Raymond Gardner may be taken on this 28th day of January, 1928, by agreement.

"It is expressly stipulated that notice and signature is waived.

"Gomer Smith, by Hammer.
"Attorney for Plaintiff.
"Leverett Edwards,
"Attorney for Defendants."

Mr. Edwards, defendants' attorney, cross-examined young Gardner. The certificate to this deposition was not signed by the notary public before whom the deposition apparently was taken, neither does the notary's seal appear thereon. This deposition, according to the record, was filed in the district court of Oklahoma county, in this cause, on April 8, 1928. Both plaintiff and defendants announced ready for trial. The plaintiff offered the testimony of one witness and then offered the deposition of Raymond Gardner, whereupon the defendants orally objected to the introduction of this deposition upon the following grounds:

(a) That the deposition was taken for the purpose of using same in the justice of the peace court, and could not be used in a trial de novo in the district court.

(b) That the deposition had not been filed in the action 24 hours before trial.

(c) That said deposition was not signed by a notary public and no seal was attached thereto.

(d) That said deposition showed that Raymond Gardner lived in Oklahoma City and within the jurisdiction of the court, and that before his deposition could be used, a subpoena would have had to issue for the purpose of producing the witness.

The trial court overruled this objection, and exceptions were noted. Although this deposition had been on file in the district court more than two years before the trial of this cause, the only objection that was made to the deposition was the oral objection made upon the trial of the cause. Section 312, O. S. 1931, reads:

"Exceptions to depositions as a whole shall be in writing specifying the grounds of objections, and filed with the papers in the cause before the commencement of the trial."

In Oklahoma Hay & Grain Co. v. T. D. Randall & Co., 66 Okla. 277, 168 P. 1012, it was said:

"Depositions will not be suppressed on the grounds that the same were not certified, sealed, indorsed, transmitted. and opened as required by law, unless such grounds were set up in the motion filed to suppress, and unless the record supports such ground."

In the case of Bagg et al. v. Shoenfelt, 71 Okla. 195, 176 P. 511, this court held:

"Section 5090, Rev. Laws of 1910, requires exceptions to depositions as a whole to be in writing, to specify the grounds of objection, and to be filed with the papers in the cause before the commencement of the trial; and where, for the first time, oral objections are made to a deposition as a whole when the same is offered in evidence at the trial, it is not error for the court to overrule the objections, nor do the facts

shown in the record (stated in the opinion) justify a noncompliance with the statute."

In Wichita Falls & N. W. Ry. Co. v. Davern, 74 Okla. 151, 177 P. 909, it is said:

"By virtue of section 5088, Rev. Laws 1910, a deposition intended to be used on the trial must be on file at least one day before the day of trial, but section 5090, Rev. Laws 1910, provides that exceptions to depositions as a whole can be made only in writing and filed with the papers in the case, and where depositions are received and filed the day of trial but before the commencement thereof, and both parties having knowledge of the filing announce ready for trial without the party against whom the deposition is intended to be used requesting additional time to examine and prepare and file exceptions, held, that he thereby waived the time allowed by the statute, and a formal verbal objection to the deposition at the time it was offered in evidence was properly overruled."

In the case of Shaw v. Stevenson, 119 Okla. 182, 249 P. 306, it is said that an oral objection to an entire deposition made at the time of its offer is not a compliance with the statute and comes too late.

This court, in General Explosive Co. v. Wilcox, 131 Okla. 190, 268 P. 266, held the section of the statute above quoted requires exceptions to a deposition as a whole to be in writing and to be filed with the papers in the cause before the commencement of the trial, but that the requirements of said section may be waived by a stipulation in the deposition to the effect that objection to the deposition as a whole may be made at the trial of the cause. An examination of the stipulation entered into in the case at bar does not show any waiver of section 312, supra.

The plaintiff testified that Raymond Gardner was at Durant, Okla., at the time this deposition was offered. In defendants' brief it is alleged that the deposition should have been suppressed because the record shows that the deposition was taken before the commencement of the action in the justice court. Section 295, O. S. 1931, permits the taking of depositions at any time after the service of summons upon the defendants. In the instant case, the parties, through their attorneys, agreed that the deposition of Raymond Gardner might be taken on January 28, 1928. The defendants are in no position to complain that the deposition was taken before the trial since they had agreed that same might be done and did not urge that question before the trial court. The

failure of the defendants to file exceptions in writing to said deposition prior to the time of trial, under the circumstances, precluded the defendants from waiting until after the trial had begun and then objecting orally to the introduction of the deposition.

It is unnecessary to review the testimony of the several witnesses for the parties. The evidence as disclosed by the record was highly conflicting. In a law action, a judgment based on the verdict of a jury will not be disturbed on appeal if there is any competent evidence supporting same. Messick v. Johnson, 167 Okla. 463, 30 P. (2d) 176.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry O. Glasser, H. G. McKeever, and T. R. Blaine in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Glasser and approved by Mr. McKeever and Mr. Blaine, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.