SKELLY OIL CO. v. JORDAN.

*96 P. 2d 524.*

No. 28716.   Nov. 28, 1939.

Anglin & Stevenson and O. S. Huser, all of Holdenville, for plaintiff in error.

I. C. Saunders, of Shawnee, and A. B. Carpenter, of Roswell, N. Mex., for defendant in error.

DANNER, J.   The plaintiff in error appeals from a judgment for $1,400 in favor of the defendant in error, entered pursuant to a jury verdict, in an action to recover damages for the pollution of a stream and for the destruction of grass and trees and permanent injury to the soil of plaintiff's land. It appears from the record that defendant's producing wells are located on the watershed of Blacksmith creek, which enters Salt creek, which, along with Salt creek drainage ditch, runs through plaintiff's farm. In the petition it is alleged that the defendant carelessly and negligently turned salt water, refuse oil, and other base sediment into the drainage ditch, and into Blacksmith creek, its tributary, and that during the year 1933-1934 the drainage d i t c h overflowed its banks and covered about 60 acres of plaintiff's land; that the salt water, refuse oil, and sediment remained standing on the land, saturated the soil, destroyed its fertility, and otherwise caused the damage complained of.

Prior to the date of the trial and judgment in the present case, the plaintiff herein had recovered a judgment for $250, based on a jury verdict, in an action instituted by him against the Darby Petroleum Corporation, in which suit the pleadings and cause of action were the same; the only difference being the different defendants. The judgment in the Darby Case became final and the defendants in that case without execution paid the judgment, and costs, to the court clerk of Pottawatomie county in the satisfaction of the judgment. This action was had without the knowledge or consent of the plaintiff, and when notified by the court clerk that the money had been paid to him, the plaintiff refused to accept it and the money is still held by the clerk.

Following a stipulation of the facts relating to plaintiff's action against the Darby Petroleum Corporation, the trial court sustained the motion of the defendant to dismiss the present action on the theory that, the Darby judgment having been satisfied, the present action, against another tort-feasor, was extinguished. Subsequently, on motion of the plaintiff, the order for dismissal was va-

cated and the cause reinstated and tried, with the result complained of in this appeal.

The action of the court in vacating the order of dismissal is one of the grounds assigned by the defendant for reversal; citing Cain et al. v. Quannah Light & Ice Co., 131 Okla. 25, 267 P. 641; City of Wetumka v. Cromwell-Franklin Oil Co. et al., 171 Okla. 565, 43 P. 2d 434, and other cases. The authorities cited are not in point, for the reason that therein the judgment against one of two wrongdoers was acknowledged and fully satisfied. Herein, the amount of the Darby judgment was voluntarily paid to the court clerk by the judgment debtor without the knowledge or consent of the judgment creditor and the amount paid was by him refused. The general rule is that this does not constitute a satisfaction of a judgment barring action against other tort-feasors. Annotation 27 A.L.R. 810. Fitzgerald v. Campbell (Va.) 109 S. E. 308, 27 A.L.R. 799; Freeman on Judgments (5th Ed.) vol. 2, sec. 578. See, also, Safety Cab Co. et al. v. Fair, 181 Okla. 264, 74 P. 2d 607. The rule above announced is not altered by virtue of the provisions of section 78, O. S. 1931, 12 Okla. St. Ann. § 27, which authorizes court clerks to receive the amount of a judgment and costs, and receipt therefor, in certain cases.

On the trial, over defendant's objection, the court admitted in evidence the testimony of Thomas L. Bailey, chemist, produced as a witness by the plaintiff, who testified concerning an analysis of the land involved as found by him on February 22, 1936, approximately two years after the damage herein complained of occurred. We think the court committed error in the reception of Bailey's evidence. In the first place the witness's testimony is based on conditions of the soil too remote from the time of the alleged damage. This is particularly true in view of the absence of testimony to show that there had been no change in the condition of the premises since the years for which the plaintiff was claiming damages. Generally, the burden is upon the party offering the evidence to show sufficient similarity of conditions. This is especially true where, as here, the evidence is strongly favorable to the party offering it. 22 C. J. 758; 10 R.C.L. 1002; Enghlin v. Pittsburg Co., 169 Okla. 106, 36 P. 2d 32, 94 A.L.R. 1180.

In November, 1934, subsequent to the overflow complained of, the Magnolia Petroleum Company, a lessee of plaintiff, brought in an oil well which likewise produced salt water which also flowed on and across plaintiff's land. In its amended answer the defendant pleaded overflow of salt water from the Magnolia well and on the trial offered proof in support of such allegation in the answer. The defendant complains of the action of the trial court in rejecting the proffered evidence, citing Walters v. Prairie Oil & Gas Co. et al., 85 Okla. 77, 204 P. 906, and other decisions holding that under certain conditions plaintiff in a pollution case will be denied recovery where one of the defendants, a lessee of the plaintiff, has contributed to the damage charged. We are of the opinion that the rule contended for by the defendant does not apply in the present case, for the reason that here the damage complained of occurred prior to the time it is shown the well of the Magnolia Petroleum Company, plaintiff's lessee, produced salt water. Anyway, in view of our conclusion that the judgment should be reversed on other grounds, and the probability that the question raised, together with questions concerning certain instructions given and refused by the trial court, will not occur on a retrial, such propositions will not here be further discussed.

The judgment is reversed and remanded to the trial court, with instructions to grant the defendant a new trial.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.