THOMPSON, Trustee, v. TERRILL, Adm'r.

*98 P. 2d 16.*

No. 29231. Dec. 12, 1939.

Rehearing Denied Jan. 23, 1940.

Thomas B. Pryor and W. L. Curtis, both of Fort Smith, Ark., for plaintiff in error.

Joseph C. Stone and Charles A. Moon, both of Muskogee, and Nat Henderson, of Stigler, for defendant in error.

DANNER, J. Harve Marlow was killed by a train of the Missouri Pacific Railroad Company. His administrator sued the trustee of that company for wrongful death, and recovered a verdict and judgment, from which the trustee appeals. For purposes of clarity we shall refer to the parties as plaintiff, meaning Harve Marlow, and the defendant, meaning the railroad company.

The defendant's first contention is that there was no primary negligence shown by the evidence, and that therefore the plaintiff was not entitled to have his case go to the jury. The record reveals very little dispute in the evidence. A fast freight train, scheduled to travel 50 miles per hour, and about four hours late, approached a bridge known as the Greenleaf Creek bridge in Muskogee county. The approach to the bridge was on a curve. Recently workmen had removed the light rails which had formed the track crossing the bridge, and had replaced them with heavier rails. The evidence revealed that the last of such work had been done several days before the accident, but that the task of completing the job had not yet been accomplished, and that it had been two days since any work had been done. There yet remained to place some new ties under the new rails, or some of the joints thereof, and chat had to be placed under the ties and rails and tamped down. The engineer testified that he knew the repair work was going on, but that he did not bring his train to any slower speed on account thereof.

The train left the track on or near the bridge and about twelve of the cars rolled down the 15-foot embankment. One of the cars struck Harve Marlow and killed him. It is not known whether he was on the bridge when struck, or beside the right of way. When his body was found it was lying on the right-of-way fence, or near thereto, with a part

of a car on top of him. It was shown, however, that he had not been riding on the train.

It seems clear enough that the driving of high speed trains over a track in that condition, especially with knowledge of the engineer as stated above, was sufficient to go to the jury on the question whether the defendant and its agents were acting as an ordinarily prudent person, under the same or similar circumstances, would have acted. The repair work appears simply to have been stopped prior to its completion. The engineer, knowing of said repair work, failed to slow his train or take any measure of precaution against what he might, and did, meet. It seems obvious to us that the circumstances presented were sufficient to be submitted to the jury on the question whether the defendant and its agent exercised the proper care under the circumstances.

The defendant argues that plaintiff was a trespasser, or at most a licensee, and that under the circumstances the defendant owed him no duty other than not to wilfully and wantonly injure him after discovering his peril. The evidence overwhelmingly established that for many years the bridge had been used freely by the public, and was almost a commonly accepted thoroughfare. In that case, the plaintiff was a licensee and the company was bound to exercise reasonable care commensurate with the probability that persons might be walking on said bridge. Chicago, R. I. & P. R. Co. v. McCleary, 175 Okla. 347, 53 P. 2d 555; St. Louis-S. F. R. Co. v. Donahoo, 82 Okla. 44, 198 P. 81; Chicago, R. I. & P. R. Co. v. Austin, 63 Okla. 169, 163 P. 517; L. R. A. 1917D, 666; Missouri, K. & T. Ry. Co. of Texas v. Wolf, 76 Okla. 195, 184 P. 765; also see cases cited in the McCleary Case, supra.

The defendant also contends that the court erred in applying the rule of res ipsa loquitur. Since we have held that there was evidence of primary negligence independently of the doctrine of res ipsa loquitur, we cannot presume that the court applied that doctrine in the overruling of defendant's demurrer to plaintiff's evidence. The only other way in which it could have been applied would have been in the giving of instructions to the jury, and if the court erred in that respect (which we do not decide), the defendant is precluded from urging it on account of the manner in which the question is attempted to be raised, as treated in the next proposition.

Error in certain instructions is also urged. The instructions are not on the same questions, and the arguments thereunder do not relate to the same topic or subject matter. Where, in one assignment of error, error is assigned to the giving of several instructions, and any one was properly given, the assignment will be disregarded. Muskogee Electric Traction Co. v. Thompson, 100 Okla. 169, 228 P. 963; Florence v. Russell, 105 Okla. 20, 231 P. 301; Swift v. McMurray, 133 Okla. 104, 271 P. 635; Cities Service Oil Co. v. Boggs, 170 Okla. 335, 40 P. 2d 638. As to one of the instructions grouped under this assignment, it is not contended that error exists, and by our own study of that instruction we are convinced that it is correct.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.