CHAMPLIN REFINING CO. et al. v. SMITH.

No. 30166.   March 3, 1942.

*123 P. 2d 253.*

Anglin & Stevenson and O. S. Huser, all of Holdenville, and S. W. Biggers, of Wewoka, for plaintiffs in error.

E. W. Smith, of Henryetta, for defendant in error.

RILEY, J.   This is an appeal from a verdict and judgment obtained by defendant in error, herein referred to as plaintiff, against Champlin Refining Company, ten other corporations and three individual oil producers, herein referred to as defendants, on account of damages alleged to have been caused by pollution of the North Canadian river by deposit of salt water and other deleterious substances from oil wells operated by defendants.

This action was commenced February 9, 1940.

Plaintiff alleged damages in the sum of $2,580 itemized as follows:

| | |
|---|---|
| Damage to 70 head of steers | $700.00 |
| Damage to 60 head of cows | 300.00 |
| About 28 acres of grass killed and land damaged | 280.00 |
| Damage to land includes trees killed | 800.00 |
| Expense of procuring other pasture | 500.00 |
| Total | $2,580.00 |

The issues were tried to a jury resulting in a general verdict for plaintiff in the sum of $1,000.

The defendants filed a joint petition in error setting up 20 specifications of alleged error. They are presented under two general propositions.

The first is that the court erred in admitting incompetent, irrelevant, and immaterial testimony. Plaintiff's claim was that his land and the grass pasture thereon and certain timber were injured by water containing salt, etc., from overflow of the stream after February 9, 1938, and before February 9, 1940; that his cattle were injured by drinking salt water in the river from about December, 1938, to about March 10, 1939.

Plaintiff over the objection of defendants was permitted to introduce the testimony of a chemist showing the salt content of three samples of water shown and stipulated to have been taken from the North Canadian river, in the vicinity of plaintiff's land, on January 10, 1940. The samples showed salt content as fol-

lows: One sample approximately 6½ per cent; one sample approximately 5 per cent, and the third sample about 3½ per cent. There was no showing that the condition of the stream at the time of the alleged injury was substantially the same as it was at the time the samples in question were taken from the river. The admission of the testimony in question was error under the rule stated in Skelly Oil Co. v. Jordon, 186 Okla. 130, 96 P. 2d 524, wherein we held:

"Before evidence as to the result of any analysis of soil made by a chemist is admissible, the party offering the same must show similarity of conditions to the soil prevailing at the time of the occurrence involved in the controversy."

Plaintiff insists there was evidence tending to prove similarity of condition so as to meet that requirement. The particular evidence is not pointed out, and examination of the record fails to disclose it.

The second proposition is that the court erred in overruling the general demurrer and motion for an instructed verdict and the special demurrer and motion for directed verdict as to each of the several items of damage claimed by plaintiff.

There is also merit in this contention. As is usually the case, the evidence is in sharp conflict as to whether the water in the North Canadian river in that vicinity contained sufficient salt content to injure or damage livestock that drank same. That, of course, would be a question of fact for the jury. But before a person may be held liable for such injury there must be evidence reasonably tending to connect defendants' acts with such injury. The only evidence that defendants or any of them were producing salt water from their well and permitting it to escape so as to flow into the North Canadian river above plaintiff's land was evidence of the condition of defendants' wells as of December, 1939. At that time salt water was found to be escaping from some of the wells owned by each of the de-

fendants, with the possible exception of an individual defendant, Harry Stekall. That defendant was not served with summons, but judgment was apparently entered against him along with the other defendants.

Such salt water as was then being permitted to escape ran into tributaries of the river above plaintiff's land. This could hardly be sufficient to withstand the general demurrer and motion for directed verdict.

Plaintiff's claim as to damages to his cattle had all occurred by March, 1939. There is not a word of evidence that any defendant was permitting salt water to escape from his well on or prior to March, 1939. It is true that there is evidence tending to prove salt in the river water on and prior to March, 1939, but it may have come from other sources entirely. There is no evidence even that any one of the defendants was operating a well in that vicinity on or before March, 1939, unless it be presumed that the condition shown to have existed in December, 1939, existed in March, 1939, some ten months before.

We are cited to no case which holds to such a presumption.

"As a general rule proof of the existence of a present condition or state of facts does not raise any presumption that the same condition or facts existed at a prior date." 22 Corpus Juris 92. (See, also, the cases there cited.)

We are not to be understood as holding that there was no evidence tending to prove that plaintiff's cattle were injured by drinking salt water from the river, but there is no evidence that any one of the defendants had contributed to the condition of the stream at the time or before the cattle were injured.

There is some contention as to the sufficiency of the evidence as to plaintiff's expense in buying other pasturage and moving his cattle, but since a new trial must be granted and the evidence may be different in another trial, we deem it unnecessary to consider that question.

Judgment reversed and the cause is remanded, with directions to grant defendants a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. DAVISON and ARNOLD, JJ., absent.