NORTH, Ex'r, v. EVANS.

No. 32884.  Oct. 21, 1947.

*185 P. 2d 901.*

land where it spread out over the surface and saturated, poisoned, and polluted the soil, and as a result, a large number of pecan trees located on the land had been destroyed; that during the years 1944 and 1945, and within two years preceding the filing of this suit, 377 pecan trees of the value of $18,850, had died, and, in addition, at least 150 pecan trees, of the value of $7,500, were then in the process of dying and would die; that prior to the injury, the land upon which the trees were growing was reasonably worth $26,350 and that the same is now valueless.

Defendant answered admitting his executorship of the estate of John Ringling, deceased; that the estate is the owner of the oil and gas lease on the land on which the two wells are located, as alleged in the petition. All other allegations were denied. The answer affirmatively alleged that if plaintiff ever sustained any damages to his land, the damage was caused by overflow from property other than that of defendant; and that if plaintiff ever sustained any damage to his land, as alleged, such damage was sustained many years before the action was commenced and his cause of action is therefore barred by the statute of limitations, 12 O.S. 1941 §95, subd. 3.

The issues thus joined were tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $1,500, and defendant appeals.

It is contended that the testimony of Dr. Horace J. Harper, by deposition, introduced over the objection of defendant, was inadmissible. There was no exception to the deposition as a whole, before the trial was commenced, as required by 12 O.S. 1941 §450. Thereunder, exceptions to depositions as a whole must be made in writing specifying the grounds of objection and filed with the papers in the case before commencement of the trial. By section 452 of the same title, it is provided that a court shall, on motion of either party,

J. B. Champion, J. B. Champion, Jr., Wilson Wallace, and William Guy Davisson, all of Ardmore, for plaintiff in error.

Sigler & Jackson, of Ardmore, for defendant in error.

RILEY, J. This is an appeal from a verdict and judgment in favor of defendant in error, hereinafter referred to as plaintiff, in an action against plaintiff in error to recover damages to plaintiff's land consisting of 70 acres in Carter county and including an orchard or grove of about 30 acres of native pecan trees, alleged to have been caused by salt water escaping from two wells on a lease operated by defendant.

Plaintiff alleged that for a number of years defendant had allowed salt water to escape from two oil wells operated by defendant and flow down a small stream to and upon plaintiff's

hear and decide the question arising on exceptions to depositions as a whole before the commencement of the trial. The objection to the deposition as a whole, made after trial commenced, was too late. Bennett v. Winfrey, 173 Okla. 441, 50 P. 2d 363; Bagg v. Shoenfelt, 71 Okla. 195, 176 P. 511; Buttrick v. Gardner, 169 Okla. 566, 37 P. 2d 979.

But, it is further contended that the testimony of Dr. Harper concerning the analysis by him of certain leaves said to be taken from pecan trees on plaintiff's land was inadmissible for the reason that there was no proper identification to connect the leaves examined as leaves coming from trees on plaintiff's land. The contention is without merit. Vernon L. Horn, soil scientist with the Soil Conservation Service since 1938, testified that he knew where the Willie Evans pecan orchard was located; that he went there in the latter part of August, 1945, and obtained samples of leaves from pecan trees growing on plaintiff's land; that he himself climbed the trees, cut the limbs containing the leaves from the trees, put them in paper bags and then into a box, took them to the postoffice and mailed them parcel post to Dr. Harper, at Stillwater, the head of the Soil Department at Oklahoma A. & M. College, to determine the percentage of sodium chloride. He also testified, without objection, that Dr. Harper later reported to him the result of the analysis. On cross-examination he more precisely identified the land from which he took the samples; that he went on the southwest part of the land and collected the samples from the SW¼ of NW¼, sec. 11, twp. 1 S., R. 3 W.; that he knew that he was on that land because Evans had showed him the land and that he had an aerial photograph of it. He further testified, on cross-examination by counsel for defendant, that he received a letter from Dr. Harper saying that the samples had arrived. Identification of the leaves as having come from pecan trees growing on plaintiff's land could hardly be made more certain.

It is further contended that the testimony of Dr. Harper concerning the analysis of certain soil samples taken by Horn at the same time the leaf samples were taken and handled in the same manner, was inadmissible because no similarity of the condition of the soil at the time the samples were taken and its condition at the time of alleged damage was shown. In this connection, defendant cites and relies upon Skelly Oil Co. v. Jordan, 186 Okla. 130, 96 P. 2d 524. In that case, two years had elapsed between the time of a single overflow of alleged salt water and the time the samples were taken. It was held that the evidence of the result of the chemical analysis, without a showing of similarity of the soil contents at the times mentioned, was inadmissible.

But in this case the evidence shows that the samples were taken in the latter part of August, 1945, and there was evidence to the effect that the principal injury occurred in 1944 and 1945 when the greater portion of the pecan trees was killed. The Skelly Oil Co. Case, supra, is not applicable for the reason that in the instant case the evidence shows that the soil samples were taken about the time of the principal injury.

There was no error in admitting the testimony of Dr. Harper.

The second proposition is that defendant's demurrer to plaintiff's evidence should have been sustained because no connection between the damages to the pecan trees on plaintiff's land and the escape of salt water and oil from defendant's property was shown by evidence. At least three witnesses, besides plaintiff, testified that they traced the salt water up the small creek or stream on plaintiff's land directly to the two wells on defendant's lease. There was some discrepancy and some difference in their testimony concerning the distance between defendant's oil wells and plaintiff's land. But, after defendant's demurrer to plaintiff's evidence was overruled, defendant put on testimony which made it appear with

practical certainty that the two wells concerning which plaintiff's witnesses testified were the wells belonging to defendant. Furthermore, defendant did not renew his demurrer at the close of all the evidence. Therefore, it cannot be urged, as against an adverse verdict, that the evidence was insufficient to establish a cause of action in favor of plaintiff. Watson v. Doss, 151 Okla. 132, 3 P. 2d 159; Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. 2d 156.

It is also asserted under this proposition that plaintiff's own evidence shows his cause of action was barred by the statute of limitations. Plaintiff did testify that a part of his trees commenced to die about three or four years before the trial which was in April, 1946, but he testified further that the principal part, or, as he put it "the biggest end" of the trees died in 1944 and 1945. The action was commenced as against defendant October 2, 1945, well within two years after the time plaintiff testified his principal injury occurred. Aside from that, the jury, in answer to a special interrogatory submitted at the request of defendant, specifically found that the damages caused by the flow of salt water over plaintiff's land did not become obvious to plaintiff before October 2, 1943. Therefore, it cannot be said as a matter of law that plaintiff's cause of action was barred by the two-year statute of limitations.

The next proposition is that the court erred in refusing to give four instructions requested by defendant. Both in the motion for new trial and in his petition in error, defendant grouped all four of the requested instructions into one assignment of error and they are referred to in defendant's brief under one group of requested instructions Nos. 1, 2, 3, and 4.

The rule is that where, in one assignment of error, error is assigned to the giving of several instructions, and any one of the instructions was properly given, the assignment will be disregarded. Thompson v. Terrill, 186 Okla. 402, 98 P. 2d 16.

In Railway Express Agency v. Stephens, 183 Okla. 615, 83 P. 2d 858, it is held:

"Where several instructions are requested and refused, and the refusal of all of the requested instructions is presented for review under a single assignment of error, and any one of said instructions is erroneous, no error is presented."

Furthermore, the record shows that requested instruction No. 1 was given by the court in its instruction No. 2, in the exact language of the request. Requested instruction No. 2 was covered, in substance, by instruction No. 4 given by the court. The substance of requested instruction No. 3 was covered by the court in paragraph 2 of instruction No. 4; and requested instruction No. 4 was also given, in almost identical language with that of the request, by the court's instruction No. 3.

There being no substantial error, the judgment is affirmed.

The plaintiff, defendant in error, moves the court that upon affirmance of this case, the court render judgment against T. Cox, surety on the supersedeas bond. Copy of the supersedeas bond is attached to the case-made and it appears therein that T. Cox signed the same as surety. The motion of defendant in error is sustained and judgment is hereby entered in favor of plaintiff, Willie Evans, and against T. Cox in the sum of $1,500 with interest at 6% from the date of the judgment of the trial court, and all costs.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.