CONTINENTAL OIL CO. et al. v. WILLIAMS et al.

No. 35212.    Sept. 23, 1952.

Rehearing Denied Dec. 2, 1952.

*250 P. 2d 439.*

Anglin, Stevenson & Huser, Holdenville, and Arrington & Miller, Shawnee, for plaintiffs in error.

Hendon & Hendon, Shawnee, for defendants in error.

BINGAMAN, J.   This is an action for damages caused by the pollution of a stream, brought by the plaintiffs, Mae Williams, Jack Williams, C. E. Erwin, and Lelia Erwin, against the defendants, Continental Oil Company, a corporation, and others.   The trial court overruled the motion of defendants for a directed verdict and submitted the cause to a jury which returned a verdict for plaintiffs.   Defendants appeal.

Plaintiffs were the owners of a tract of land in Pottawatomie county, through which flowed a stream or creek named Dance Creek.   Defendants operated a small oil and gas field north and west of plaintiffs' land, the drainage from their leases being into Dance Creek above the land of plaintiffs.   The evidence was very much in conflict, plaintiffs testifying that due to the flooding of their land by the stream in the fall of 1948, 1949, and again in the spring of 1950, their land was permanently

injured by salt water, oil and other refuse which was by the defendants permitted to escape from their leases and run into Dance Creek. They testified that some thirty-five bearing pecan trees were killed and much of the land rendered unfit for cultivation by the salt water and other refuse which they testified escaped from all of the leases of the various defendants. An expert witness, Dr. Thomas Leonard Bailey, Professor Emeritus of chemistry and agriculture at Oklahoma Baptist University, whose qualifications were admitted by defendants, testified that he took samples of soil, eight in all, from various portions of the land of plaintiffs and that they were impregnated with salt in such quantities to cause the damage which plaintiffs claimed was inflicted upon their land and trees. Defendants' witnesses, including Dr. H. J. Harber, Professor of Soils at Oklahoma A & M, testified to the contrary. The testimony is voluminous and to set it out at length would unduly lengthen this opinion. As pointed out above it was conflicting and we think the trial court properly submitted it to a jury.

On appeal defendants contend that the testimony of Dr. Bailey, who examined the land on March 31, 1951, should have been excluded for the reason that there was no testimony showing that the condition of the land was the same on that date as it was at the time the damage was inflicted, and that therefore the examination was so remote in point of time from the date of the injury, his testimony was inadmissible. In support of this contention defendants cite Skelly Oil Co. v. Jordan, 186 Okla. 130, 96 P. 2d 524, Champlin Refining Co. v. Smith, 190 Okla. 287, 123 P. 2d 253, and excerpts from Am. Jur., and C.J.S.

We find it unnecessary to pass upon the proposition urged by defendants for the reason that examination of the record discloses that no objection was made to the testimony of Dr. Bailey, except that when the results of his ex-

amination of the various soil samples were sought to be placed in evidence defendants objected to them as incompetent, irrelevant and immaterial. The specific objection now made to the doctor's testimony was at no time presented to the trial court.

12 O.S. 1951 §424 provides that the ordinary objections of incompetency, irrelevancy and immateriality shall be deemed to cover all matters ordinarily embraced within such objections. The objection now urged by the defendants is not in our judgment such an objection as would be ordinarily covered by the general objection made by them and in the notes to §424, a number of cases are annotated holding that the objection was not sufficient to raise the question of the admissibility of documentary evidence and other questions of like nature. See, also, Skinner v. Bowlan, 181 Okla. 544, 75 P. 2d 181. By their failure to object defendants waived any objection to the testimony on the ground stated. Bauman v. International Harvester Co., 191 Okla. 392, 130 P. 2d 287. In both cases cited by defendants in support of the proposition the opinion specifically points out that the testimony was admitted over the objection of the defendants.

Defendants also contend that Dr. Bailey's testimony was insufficient to prove that the salt content in the land came from salt water deposited by them in the stream, and that it did not show that the land was impregnated with sufficient quantities of salt to damage the pecan trees of plaintiffs. Of course, the doctor could not testify absolutely that the salt in the land was deposited thereon by the stream, but his testimony in effect negatived the existence of any other source from which the salt could have impregnated the land of plaintiffs, and when taken with the testimony of plaintiffs and their witnesses, was, we think, sufficient to present that question to the jury.

Defendants next contend that the trial court erred in permitting plaintiffs' wit-

ness, Cope, on redirect examination, to testify that certain lawsuits brought by him against defendants for injuries to his land caused by salt water had been settled. But from the record it appears that defendants, on cross-examination, apparently for the purpose of discrediting the witness Cope, brought out that he had instituted several actions for damages to his land, and we think it was within the right of plaintiffs in such case to show that these claims were meritorious. While this court does not seem to have passed squarely upon the proposition, the right of plaintiffs to show such settlements, where the defendants by their cross-examination attempt to discredit the witness, was upheld in two well-reasoned Missouri cases. Pfiffner v. Kroger Grocer & Baking Co. (Mo. App.) 140 S. W. 2d 79, and Couch v. St. Louis Public Service Co. (Mo. App.) 173 S. W. 2d 617.

Defendants next contend that the evidence was insufficient to make out a case for plaintiffs, but we have already pointed out that in our judgment it was sufficient to require submission to the jury. They further contend that the trial court erred in refusing their requested instructions No. 1 and No. 2, in which they requested the court to instruct the jury that if they found that deleterious substances from the leases of defendants, deposited on the land of plaintiffs more than two years before the filing of this action, caused or contributed to the damage sustained by plaintiffs, they should find for defendants, and that if they should also find that sand and silt had been deposited on the lands of plaintiffs by Dance Creek, causing damage to the trees and land of plaintiffs, then they should find for defendants, unless they were able to separate the damages.

We think the trial court properly rejected both instructions. While from the evidence it appears that there was a possibility that a flood in the spring of 1948 contributed to the damage to plaintiffs' land, all the evidence shows that the damage to the land was not apparent until 1949, at which time the plaintiffs testified that the pecan trees began to die and the crops planted by them on the land did not mature. It is fundamental that the statute of limitation did not begin to run until the damage was apparent and this brought the damages complained of within the two year limitation. North v. Evans, 199 Okla. 284, 185 P. 2d 901. As to the other question the testimony was in conflict and the trial court instructed the jury that if they found the damage to plaintiffs' pecan trees and land were due to the salt water and other poisonous substances deposited in the creek by defendants, then their verdict should be for plaintiffs, but if they did not so find, it should be for defendants. The testimony of plaintiffs attributed the injuries to salt water and similar substances, while the testimony of defendants was to the effect that it was caused by sand and silt and no attempt was made at any time to show that only a part of the damage was caused by either. We think the instructions given by the trial court were sufficient and that the requested instructions were properly denied.

Affirmed.

ARNOLD, C.J., HALLEY, V. C. J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.